**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JULY 31, 2007**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>CHARLES J. RAIMONDO, JR.,<br><br>                    Debtor. | Case No.: 05-51015 (DHS)<br><br>Adv. No.: 06-01847 (DHS)<br><br>Judge:    Donald H. Steckroth, U.S.B.J. |
| DANIEL J. CULNEN and<br>C&H AGENCY, INC.,<br><br>                    Plaintiffs,<br>v.<br><br>CHARLES M. FORMAN, as CHAPTER 7 TRUSTEE FOR CHARLES J. RAIMONDO, JR., THE GRANDVIEW TRUST I, THE GRANDVIEW TRUST II, THE JANICE RAIMONDO QUALIFIED PERSONAL RESIDENCE INTEREST TRUST I, THE JANICE RAIMONDO QUALIFIED PERSONAL RESIDENCE INTEREST TRUST II, JACEY A. RAIMONDO, SHARI DEPALMA, and CHARLES J. RAIMONDO, JR., in their capacities as trustees, RAIMONDO CONSTRUCTION, INC., and CHARLES J. RAIMONDO, JR., in his individual capacity,<br><br>                    Defendants. | |

**OPINION**

**APPEARANCES:**

Becker Meisel, LLC
Ben H. Becker, Esq.
Steven R. Weinstein, Esq.
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 2800
Livingston, New Jersey 07039
*Counsel for Daniel J. Culnen and C&H Agency, Inc.*

Shapiro & Croland
John P. Di Iorio, Esq.
Alexander G. Benisatto, Esq.
Continental Plaza II
411 Hackensack Avenue, 6th Floor
Hackensack, New Jersey 07601
*Counsel for The Grandview Trust I, The Grandview Trust II,*
*The Janice Raimondo Qualified Personal Residence Interest Trust I,*
*The Janice Raimondo Qualified Personal Residence Interest Trust II,*
*Jacey A. Raimondo, Shari DePalma, and Charles J. Raimondo, Jr., in*
*their capacities as trustees, and Charles J. Raimondo, Jr., in his*
*individual capacity*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are dueling cross-motions for summary judgment. On May 22, 2006, Daniel Culnen and C&H Agency, Inc. (collectively "Plaintiffs") filed an adversary complaint against, *inter alios*, Charles M. Forman, as Chapter 7 Trustee for Charles J. Raimondo, Jr. (hereinafter "Debtor"), seeking a declaratory judgment that the Debtor's beneficial rights in trusts are not property of the bankruptcy estate under Section 541 of the Bankruptcy Code and for judgment of non-dischargeability of a debt pursuant to Section 523(a)(2)(A).[1]

On or about April 23, 2007, the Plaintiffs filed a cross-motion for partial summary judgment seeking a determination that: (i) the Debtor's assignment of his beneficial interest in The Janice Raimondo Qualified Personal Residence Interest Trusts I and II (collectively "Fort Lee Trusts") was effective and binding; and (ii) the payment of distributable income from the Fort Lee Trusts to persons other than the Plaintiffs by Jacey A. Raimondo, Shari De Palma, and the Debtor, as trustees of the Fort Lee Trusts (collectively "Trustees"), was in breach of their contractual and fiduciary duties for which they and the Fort Lee Trusts are liable.

On or about May 14, 2007, the four trusts and the Trustees (collectively "Defendants") filed their objection and the Debtor filed a cross-motion for partial summary judgment in which they argue that: (i) this Court lacks subject matter jurisdiction to grant the relief sought; and (ii) the Debtor is entitled to summary judgment that the debt owed is dischargeable.[2] On May 31, 2007, the

---

[1] In addition, the complaint names as defendants: (i) four trusts including The Grandview Trust I, The Grandview Trust II, The Janice Raimondo Qualified Personal Residence Interest Trust I, and The Janice Raimondo Qualified Personal Residence Interest Trust II; (ii) four current or former trustees of those trusts including Jacey A. Raimondo, Shari De Palma, Nancy Raimondo, and the Debtor; (iii) Raimondo Construction Co., Inc.; and (iv) the Debtor in his individual capacity.

[2] The motions are styled as cross-motions because each was filed subsequent to the Defendants' motion for partial summary judgment against Charles M. Forman, in response to his claims that the trusts, as well as any assignments or transfers therefrom, constituted property of the estate, and that said assignments or transfers were subject to avoidance actions. On May 10, 2007, Charles M. Forman, filed a notice of settlement in which he "proposes to enter into a consent order acknowledging that the estate has no interest in the trusts and that the allegations in [his] pleadings are dismissed." On June 5, 2007, this Court entered an Order granting the Defendant's cross-motion for summary judgment against Charles Forman and holding that the Debtor's interest in the trusts did

3

Plaintiffs' filed a reply brief in support of their cross-motion for partial summary judgment and in opposition to the Debtor's cross-motion for summary judgment.

For any and all reasons stated hereafter, this Court holds that: (i) the Debtor's interest in the trust assets are not property of the bankruptcy estate; (ii) the Plaintiffs' cross-motion for summary judgment is denied, (iii) the Defendants' cross-motion for summary judgment is granted; (iv) the Debtor's cross-motion for summary judgment is granted; (v) and the remaining count of the Plaintiffs' complaint seeking an accounting and judgment in the amount of trust assets distributable to the Debtor is dismissed without prejudice.

The Court has jurisdiction over the Plaintiffs' cross-motion for summary judgment insofar as it requests a determination of property of the estate and both of the Defendants' and Debtor's cross-motions pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. The determination of property of the estate is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Debtor's cross-motion for partial summary judgment is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Statement of Facts and Procedural History**

**Plaintiffs' Statement of Undisputed Facts**

C&H is an insurance agency operating under the laws of the State of New Jersey. *Deposition of Daniel J. Culnen*, p. 7, *Certification of Ben H. Becker, Esq.*, Exhibit C. Mr. Culnen is the former owner of C&H. *Id.* at 7-8. At all relevant times, Mr. Culnen did not act in the role of owner,

---

not constitute property of the bankruptcy estate pursuant to Section 541(c)(2) of the Bankruptcy Code.

employee or agent of C&H. *Id.* at 13-14. During 2004 and 2005, C&H made short-term loans to the Debtor and his company, Raimondo Construction Co., Inc., personally guaranteed by Mr. Culnen. *Id.* at 42-46.

During the summer of 2005, the Debtor's company began having serious financial difficulties. *Id.* at 66-68. The Debtor came to Mr. Culnen and asked that he help procure a loan from C&H. *Id.* Mr. Culnen assisted in procuring the loan but refused to personally guarantee it without adequate collateral to assure repayment in the event of default. *Id.* at 70-71. At that time, Jacey Raimondo, the Debtor's sister and an attorney at law in the State of New Jersey, was working for C&H. *Id.* at 100-03. She assisted in closing out insurance and bonding claims for a construction company which had ceased operating, entitled C. Raimondo & Sons Construction, owned by the Debtor's father. *Id.* In order to procure the loan, the Debtor "suggested" that he "might" be able to assign his interest in four trusts created by his parents to benefit his three siblings and himself. *Id.* at 69-71.[3] In response to Mr. Culnen's inquiry, the Debtor asserted that the aggregate value of his beneficial interests exceeded $600,000. *Id.* at 87-88.

Predicated upon a valid and binding assignment of these beneficial interests as collateral, Mr. Culnen agreed to guarantee loans to Raimondo Construction Co., Inc. in the total amount of $300,000. *Id.* at 70-71. The Debtor became personally liable on these loans after executing a promissory note in the amount of $300,000 in favor of Mr. Culnen in the fall of 2005. *Certification of Ben H. Becker, Esq.*, Exhibit E. Mr. Culnen asked Jacey Raimondo to draft the necessary documents that culminated in a letter agreement of assignment in July of 2005. *Deposition of Daniel J. Culnen*, pp. 103-04, *Certification of Ben H. Becker, Esq.*, Exhibit C. The agreement provided that any distributions on behalf of the Debtor from both the Grandview Trusts and the Fort Lee Trusts

---

[3] The Debtor's three siblings include Jacey Raimondo, Nancy Raimondo, and Shari DePalma.

would be payable to Mr. Culnen until the loans were satisfied. *Certification of Ben H. Becker, Esq.*, Exhibit D.

The agreement was signed by the Debtor, Jacey Raimondo and Shari DePalma, who constituted all the then-existing beneficiaries and trustees of the Fort Lee Trusts. *Id.* At the time of the agreement, Nancy Raimondo remained a trustee and beneficiary of both of the Grandview Trusts. *Deposition of Jacey A. Raimondo*, pp. 44-45, *Certification of Ben H. Becker, Esq.*, Exhibit A. The Debtor continues to hold a one-third beneficial interest in the Fort Lee Trusts. *Id.* at 26. The Debtor resigned from his position as trustee of the Fort Lee Trusts in October of 2005. *Plaintiffs' Statement of Undisputed Material Facts*, ¶ 22. Jacey Raimondo and Shari DePalma continue to serve in their capacities as trustees of the Fort Lee Trusts. *Id.* at ¶ 23. Since the execution of the letter agreement, Jacey Raimondo and Shari DePalma have made distributions to all three beneficiaries of the Fort Lee Trusts, including the Debtor. *Deposition of Jacey A. Raimondo*, pp. 47-50, *Certification of Ben H. Becker, Esq.*, Exhibit A. To date, the Debtor has repaid $60,000 of the principal balance of the loans, leaving an outstanding balance of $240,000, plus interest and attorney's fees. *Deposition of Daniel J. Culnen*, p. 57, *Certification of Ben H. Becker, Esq.*, Exhibit C.

**Defendants' Disputed and Additional Facts**

Mr. Culnen considered guaranteeing the loans based upon a valid assignment of collateral, but did not predicate his request thereupon. *Id.* at 70-71. Jacey Raimondo drafted documents acknowledging the Debtor's proposed repayment to Mr. Culnen, but did not draft the assignment agreement. *Deposition of Jacey A. Raimondo*, pp. 7-9, *Certification of Ben H. Becker, Esq.*, Exhibit A. The Defendants admit that a letter agreement was provided to Mr. Culnen but deny the specifics of its terms as the Plaintiffs fail to cite proof of those terms. *Certification of Ben H. Becker, Esq.*,

6

Exhibit D. Equally, the Defendants deny that one-third of the distributions from the Fort Lee Trusts was accountable to the Debtor as the Plaintiffs cite no record evidence applicable to all Trustees. *Defendants' Statement of Undisputed Material Facts*, ¶¶ 26-27. The promissory note in favor of Mr. Culnen was executed by the Debtor post-petition. *Deposition of Charles J. Raimondo, Jr.*, p. 13, *Certification of Ben H. Becker, Esq.*, Exhibit B. The Defendants deny that their exists a $240,000 outstanding balance on the promissory note. *Defendants' Statement of Undisputed Material Facts*, ¶ 30.

Mr. Culnen is himself the settlor of a family trust which owns various properties. *Deposition of Daniel J. Culnen*, pp. 20-21, *Certification of Ben H. Becker, Esq.*, Exhibit C. The representations made to Mr. Culnen with regard to the Debtor's beneficial interest in the trusts were true when made. *Deposition of Charles J. Raimondo, Jr.*, pp. 42-43, *Certification of Ben H. Becker, Esq.*, Exhibit B. At the time of the representations, the Debtor intended to repay the Plaintiffs. *Id.* The Debtor made no representation to C&H regarding his beneficial trust interests. *Id.* at 40. Mr. Culnen neither reviewed, nor asked to review, the subject trusts prior to making the loans. *Deposition of Daniel J. Culnen*, p. 93, *Certification of Ben H. Becker, Esq.*, Exhibit C. In addition, Mr. Culnen neither reviewed, nor asked to review, tax returns relating to the subject trusts prior to making the loans. *Id.*

The Debtor used the trust distributions to pay attorneys' fees relating to three lawsuits, commenced after the Debtor agreed to assign the trust payments. *Deposition of Charles J. Raimondo, Jr.*, p. 45, *Certification of Ben H. Becker, Esq.*, Exhibit B. Prior to any agreement to loan the monies in issue, the Debtor told Mr. Culnen that he was unsure whether the trust interests were assignable. *Deposition of Daniel J. Culnen*, p. 83, *Certification of Ben H. Becker, Esq.*, Exhibit C. Mr. Culnen did not rely on the Debtor's assurances of assignability. *Id.* at 65, 74-75. Instead, he spoke with Jacey Raimondo, who informed him that the interests could be assigned. *Id.* Ms.

7

Raimondo did not act as Mr. Culnen's legal counsel. *Id.* at 100, 104. Mr. Culnen is an experienced businessman, having owned C&H for twenty years and having operated an equipment leasing company in excess of twenty years. *Id.* at 7, 15. Mr. Culnen chose not to have C&H's outside general counsel draft or review the relevant documents. *Id.* at 98. Finally, Mr. Culnen was advised by his counsel not to make loans to the Debtor. *Id.* at 97-98.

## Discussion

**Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the

existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *Id.* at 248. A material fact is determined by the substantive law at issue. *Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *Celotex Corp.*, 477 U.S. at 322-23.

When one party motions the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *Peiffer v. Lebanon School Dist.*, 673 F. Supp. 147, 151-*52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried and where the moving party is not entitled to a judgment as a matter of law.

9

**Non-Dischargeability**

Section 523(a)(2)(A) of the Bankruptcy Code provides that debts for money, property, services, or credit obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" are non-dischargeable.

> In order to have a valid claim under 523(a)(2)(A), a creditor must prove that the debtor either made a misrepresentation or did an act which was wrong. The proofs must show that the debtor knew it was wrong, that she intended the creditor to rely on the act or misrepresentation and that the creditor did, in fact, rely on such act or misrepresentation and finally, that the creditor was damaged thereby.

*Starr v. Reynolds (In re Reynolds)*, 197 B.R. 204, 205 (Bankr. D.N.J. 1996) (quoting *Starr v. Reynolds (In re Reynolds)*, 193 B.R. 195, 200 (D.N.J. 1996) (citing *United Counties Trust Co. v. Knapp (In re Knapp)*, 137 B.R. 582, 586 (Bankr. D.N.J. 1992))).

Non-dischargeability under Section 523(a)(2)(A) requires a showing of "justifiable, but not reasonable, reliance." *Field v. Mans*, 516 U.S. 59, 73-75 (1995) (citing *see City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir. 1995); *Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454 (9th Cir. 1992)). In order to constitute justifiable reliance:

> 'the plaintiff's conduct must not be so utterly unreasonable, in the light of the information apparent to him, that the law may properly say that his loss is his own responsibility.' This conclusion, however, does not mean that the reliance must be objectively reasonable. 'Although the plaintiff's reliance on the misrepresentation must be justifiable, . . . this does not mean that his conduct must conform to the standard of the reasonable man.' Justifiable reliance is gauged by 'an individual stand[ard] of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case.' Additionally, 'it is only where, under the circumstances, the facts should be apparent to one of [plaintiff's] knowledge and intelligence from a cursory glance, or he has discovered something

>  which should serve as a warning that he is being deceived, that he is
>  required to make an investigation of his own.

*In re Reynolds*, 193 B.R. at 202 (quoting *In re Vann*, 67 F.3d at 283 (internal citations omitted)).

The creditor bears the burden of proving non-dischargeability by a preponderance of the evidence. *See generally Grogan v. Garner*, 498 U.S. 279, 290 (1991). "The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995) (citing *see, e.g., U.S. v. Stelweck*, 108 B.R. 488, 495 (E.D. Pa. 1989)).

Here, in the light most favorable to the Plaintiffs, the Debtor's motion for partial summary judgment must be granted as a matter of law. The Debtor averred that his beneficial interests in the four trusts exceeded $600,000. There is no proof before the Court that the Debtor's aggregate beneficial interests amounted to less than that amount or less than the amount loaned.

As to the Fort Lee Trusts, there exists no evidence that the Debtor asserted his beneficial interests in the trusts were assignable to either of the Plaintiffs.[4] In fact, there is absolutely no

---

[4] In response to Mr. Culnen's effort to collateralize the loans, the Debtor "suggested" that he "might" be able to assign his beneficial interest in the four trusts. However, it remains unclear as to whether the Debtor made any affirmative representation that assignment was possible as even the depositions of the Debtor and Mr. Culnen as cited by the Plaintiffs do not make such a representation clear. The deposition of Mr. Culnen is exemplary.

> Q: So you were describing earlier that you told Jacey Raimondo that you wanted to be sue of two things, correct, before C&H Agency would make these loans; one being that they could be assigned?
> A: Yes.
> Q: And did she come back to you and give you a response to that?
> A: Yes.
> Q: And what did she tell you?
> A: She said they could be assigned.
> Q: And the second thing that you asked her about was whether everybody who needed to, agreed to it?
> A: Yes.
> Q: And what did she tell you about that?
> A: She said yes, everybody that had to agree would agree.
> Q: Did you have any discussions with [the Debtor] about either one of those two issues?

11

assertion alleged by the Debtor to C&H. Equally, there is no evidence of the Plaintiffs' reliance upon an allegedly false representation made by the Debtor as to the Fort Lee Trusts. Mr. Culnen admits that he confirmed the assignability and amount of the Debtor's beneficial interests with Jacey Raimondo. There is no proof that Jacey Raimondo acted as the Debtor's agent during the relevant period. In fact, the only proof of her employ was with C&H. In addition, Mr. Culnen's reliance could not have been justifiable. He was fully aware that both the Debtor and Raimondo Construction Co., Inc. were in grave financial difficulty. Knowing this, he failed to do any due diligence as to either's financial wherewithal to repay the loan. In addition, neither Plaintiff sought to review the Fort Lee Trusts or financial documents relating thereto prior to executing the loan. Finally, while the Plaintiffs did suffer damages in that they loaned money which has not been repaid, those damages are not the result of a misrepresentation by the Debtor as required by Section 523(a)(2)(A).

Moreover, assuming *arguendo* that the Debtor made such an assertion, there is no evidence, whether direct or circumstantial, that he did so with an intent to deceive. The only evidence on this

---

A:   Yes. He told me to talk to Jacey.
Q:   That's what he told you?
A:   Yeah.
Q:   Okay. He didn't tell you that they could be assigned; correct?
A:   No. He said, I don't know. You want to talk to Jacey. If they could be assigned, I have no problem assigning them.
Q:   Okay. And he didn't tell you that everybody needed to agree did agree; correct?
A:   Well, he did afterwards.
Q:   He did?
A:   Yes.
Q:   After -- when after, after the loans were made?
A:   When he came to pick up the check.
Q:   What did he say?
A:   He said that I was happy with the -- whatever the heck it is that Jacey prepared, and I said yes. And he said, I told you my sisters would go along with it. I said, great. I'm happy. You're happy? I hope this works out for you.

*Deposition of Daniel J. Culnen*, pp. 82-84, *Certification of Ben Becker, Esq.*, Exhibit C.

12

score cuts against the Plaintiffs in that the Debtor repaid 60,000, or 20%, of the aggregate principal. Therefore, the debt as to the Fort Lee Trusts is dischargeable under the Bankruptcy Code.

As to the Grandview Trusts, the analysis alters but the conclusion remains. While not briefed in their submissions to the Court, at oral argument the Plaintiffs argued that a court of equity may charge the Debtor with knowledge of the trust documents and find fraud in his material omission of the existence of Nancy Raimondo as a trustee of the Grandview Trusts. The Court has found only two cases permitting such an inference on similar facts. *See Morristown Trust Co. v. Work*, 52 A.2d 64, 65-*66 (N.J. Super. Ct. Ch. Div. 1947); *see also Jones v. Watford*, 53 A. 397, *398 (N.J. 1902) (trustees are charged with the proper application of a trust under a will). However, assuming *arguendo* that this Court charged the Debtor with knowledge of the trust's spendthrift provisions, thus permitting him to exact a loan through fraud, the Plaintiffs still fail to prove justifiable reliance. Again, Mr. Culnen was fully aware of the financial difficulties of the Debtor and Raimondo Construction Co., Inc. In addition, neither of the Plaintiffs undertook any due diligence of either the Debtor's or Raimondo Construction Co., Inc.'s financial wherewithal to repay the loan. Moreover, neither Plaintiff reviewed nor asked to review the provisions of the Grandview Trusts or the financial documents relating thereto. These facts and failures were certainly within the Plaintiffs' purview or occasioned by their opportunity to do a cursory investigation which one would only expect when making a secured loan, namely, can the loan be repaid and is the loan secured. As such, these mishandlings were so unreasonable that the law may properly allocate the loss to the Plaintiffs and thus the Debtor's debt is dischargeable.

**Jurisdiction**

District courts maintain jurisdiction over bankruptcy proceedings pursuant to 28 U.S.C. § 1334. The district courts exercise original and exclusive jurisdiction over all cases

13

arising under Title 11 and original, but not exclusive, jurisdiction of civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a, b). "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The United States District Court for the District of New Jersey has so provided in the Standing Order of Reference dated July 23, 1984.

> It is well-settled that the bankruptcy court potentially has jurisdiction over four types of title 11 matters, pending referral from the district court: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.

*Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.)*, 72 F.3d 1171, 1175 (3d Cir. 1996) (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991); citing *see* 28 U.S.C. § 1334). The bootstrapping of jurisdiction is not permitted. "At a minimum, . . . all claims filed in bankruptcy court must be able to stand on their own as either core or related proceedings." *In re Guild & Gallery Plus, Inc.*, 72 F.3d at 1182.

A "'proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d at 267 (quoting *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990) (other citations omitted)). The proper focus is upon whether the claim, and not simply a factual circumstance, falls within the exclusive list of core proceedings. *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006) (citing *see Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) (other citation omitted)). Core proceedings, especially those enumerated in Sections 157(b)(2)(A) and (O), are to be interpreted narrowly so as not to bring every proceeding under the core definition, and their scope should be defined by the Third Circuit test set forth in *In re Marcus Hook Dev. Park,*

14

*Inc. See In re Adams*, 106 B.R. 811, 815 (Bankr. D.N.J. 1989) (citing *see* 130 CONG. REC. 7492 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 576, 579); *Sklar v. Munyon (In re Family Theatre LLC)*, 2006 WL 3327317, at *4-*5 (Bankr. D.N.J. Nov. 14, 2006).

A proceeding is non-core if its outcome "could conceivably have any effect on the estate being administered in bankruptcy. . . ." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 226 (3d Cir. 2004) (quotation omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Certainty or likelihood is not the threshold standard. *In re Guild & Gallery Plus, Inc.*, 72 F.3d at 1181. Instead, non-core jurisdiction operates if there exists a mere possibility of impact upon the administration of the estate. *Id.* (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d at 264) (citations and internal quotation marks omitted). "If the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." *In re Guild & Gallery Plus, Inc.*, 72 F.3d at 1181 (citations omitted). "'[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [a non-core proceeding]. Judicial economy itself does not justify federal jurisdiction.'" *Id*.

Here, no party disputes that the Debtor's beneficial interest in the trusts and any transfer, assignment, or attempt thereof does not constitute property of the estate. This Court agrees. An interest of a debtor in property does not become property of the estate if it involves "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under [title 11]." 11 U.S.C. § 541(c)(2). There is no doubt that spendthrift trusts are enforceable under New Jersey law. *See Moore v. Moore*, 44 A.2d

639, 644 (N.J. Super. Ct. Ch. Div. 1945) (citing *Trust Co. of N.J. v. Gardner*, 32 A.2d 572 (N.J. Super. Ct. Ch. Div. 1943); *Wright v. Leupp*, 62 A. 464 (N.J. Super. Ct. Ch. Div. 1905)).

*In re Guild & Gallery Plus, Inc.* is instructive as to the issue of jurisdiction over breach of fiduciary duty claims against the Debtor. There, the Third Circuit Court of Appeals addressed the issue of whether a bankruptcy court could exercise jurisdiction over a state law breach of fiduciary duty claim against a trustee in bankruptcy grounded in the trustee's loss or theft of property not part of the bankruptcy estate. *See generally In re Guild & Gallery Plus, Inc.*, 72 F.3d at 1173. Applying the *In re Marcus Hook Dev. Park, Inc.* standard, the Court determined that the claims "against the trustee need not 'arise only in bankruptcy.'" *Id.* at 1178. Indeed, the "state law claims are not comparable to the filing of a proof of claim or raising an objection to a discharge of a particular debt. . . ." *Id.* Moreover, the Court held that the claims could certainly exist outside the bankruptcy context as they could also be filed in state court. *Id.* As such, the claims did not constitute core proceedings. *Id.*

Non-core jurisdiction was also inoperative. The property was not part of the bankruptcy estate and a judgment obtained would have no effect on the arrangement, standing or priority of estate creditors. *Id.* at 1181-82 (citation omitted). Finally, the estate was not vicariously liable for the trustee's actions, thus not impacting the "rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate." *Id.* at 1182 (citing *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d at 264 (citations and internal quotation marks omitted)).

Here, all acknowledge the trust property is not part of the Debtor's bankruptcy estate. As a result, any adjudication of rights, even as to the Debtor's interest regarding the trust property, is not within this Court's core jurisdiction. *See generally In re Guild & Gallery Plus, Inc.*, 72 F.3d at 1173. In addition, the Court has already found the entirety of the debt to be dischargeable and the Debtor is not personally liable therefore. Moreover, as the property is not property of the estate, an

16

*in rem* action is outside the purview of this Court's jurisdiction. Because there can be no effect on the bankruptcy estate, this Court lacks related to jurisdiction over the Debtor's interest in or assignment of the trust property. *See In re Combustion Eng'g, Inc.*, 391 F.3d at 226.

The issue then becomes whether the Court maintains jurisdiction over the Plaintiffs' allegations of breach of fiduciary duty against Jacey Raimondo, Nancy Raimondo and Shari DePalma. "Cases involving relief between two non-debtors fall under the . . . category of 'related to' jurisdiction. *In re Arrowmill Dev. Corp.*, 211 B.R. 497, 502 (Bankr. D.N.J. 1997) (citing *Quattrone Accountants, Inc. v. Internal Revenue Serv.*, 895 F.2d 921, 926 (3d Cir. 1990); *see also Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir. 1997) ("since the third category is the broadest, a court 'need only determine 'whether a matter is at best related to the bankruptcy'"") (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d at 264 (internal citations omitted))). A court lacks "related to" jurisdiction over a dispute between non-debtor parties if the action does not involve property of the estate and would not affect the estate. *Guarino v. DVI Fin. Servs., Inc. (In re DVI, Inc.)*, 324 B.R. 548, *553 (Bankr. D. Del. 2005) (citing *see, e.g., Saul Ewing Remick & Saul v. Provident Sav. Bank*, 190 B.R. 771, 776 (D. Del. 1996) ("[A] court has 'related to' jurisdiction over property only when the property is part of the bankruptcy estate.") (other citation omitted)). Stated otherwise, "[t]o fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor." *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citation omitted).

"In addition, the mere fact that the debtor and another party are both liable for the same debt is not sufficiently 'related to' the bankruptcy case where the liability of one entity does not effect the liability of the debtor." *In re Arrowmill Dev. Corp.*, 211 B.R. at 502 (citing *Quattrone Accountants, Inc.*, 895 F.2d at 926) (holding that "related to" jurisdiction did not exist where a debtor could be held joint and severally liable for a debt). "Jurisdiction over non[-]bankruptcy controversies with third parties who are otherwise strangers to the civil proceedings and to the parent

17

bankruptcy does not exist." *Davis v. Griffin Co. (In re Resorts Int'l, Inc.)*, 128 B.R. 78, 97 (Bankr. D.N.J. 1990) (quotation omitted); *DVI Fin. Servs., Inc. v. Nat'l Med. Imaging, LLC (In re DVI, Inc.)*, 305 B.R. 414, 417 (Bankr. D. Del. 2004) (quotation omitted); *In re Fed.-Mogul Global, Inc.*, 282 B.R. 301, 306 (Bankr. D. Del. 2002) (quotation omitted).

Here, no party alleges that the trusts are property of the estate and the Court agrees that they are not. Therefore, a finding of liability as to Jacey Raimondo, Nancy Raimondo and Shari DePalma would have no effect on the estate. *See In re Arrowmill Dev. Corp.*, 211 B.R. at 502 (citing *Quattrone Accountants, Inc.*, 895 F.2d at 926) (joint and several liability); *In re Combustion Eng'g, Inc.*, 391 F.3d at 226 (no effect on the bankruptcy estate) (quotation omitted). Therefore, this Court finds that it lacks jurisdiction over the Plaintiffs' claims of breach of fiduciary duty as to Jacey Raimondo, Nancy Raimondo and Shari DePalma.

## **Conclusion**

For the aforementioned reasons, this Court holds that: (i) the Debtor's interest in the assets of The Grandview Trust I, The Grandview Trust II, The Janice Raimondo Qualified Personal Residence Interest Trust I, and The Janice Raimondo Qualified Personal Residence Interest Trust II are not property of the Debtor's bankruptcy estate; (ii) the Plaintiffs' cross-motion for summary judgment is denied and the Defendants' cross-motion for summary judgment is granted as this Court lacks subject matter jurisdiction over the Debtor's interest in or assignment of the trust property as well as the allegations of breach of fiduciary duty against Jacey Raimondo, Nancy Raimondo and Shari DePalma; (iii) the Debtor's cross-motion is granted in that the outstanding debt owed to Mr.

Culnen and C&H is deemed to be dischargeable; and (iv) the remaining count of the Plaintiffs' complaint seeking an accounting and judgment in the amount of trust assets distributable to the Debtor is dismissed without prejudice.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: July 31, 2007